[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I. Factual and Procedural Background
By amended complaint dated June 2, 1994, the plaintiff brought this action against three individual defendants (Ronald Jarvis, Edward Dowling, and Donald Nigro) and against PCT Corporation. The complaint consists of four counts against all four of the defendants collectively: breach of fiduciary duty, fraud, breach of contract, and negligence.
By motion dated November 28, 1994, two of the individual defendants, Edward Dowling and Donald Nigro, filed a Motion to Dismiss all four counts of the amended complaint as to each of them. This court granted that Motion to Dismiss by a written Memorandum of Decision, dated January 10, 1995. This court's decision was premised on its determination that the plaintiff had no standing to sue these two individual defendants in their respective individual capacities for damage they allegedly caused to the corporation which then resulted in damage to the plaintiff. These individual defendants were directors of the corporation and, therefore, its agents. As agents of the corporation, they are liable only to it, their principal for their acts. CT Page 1772-b
Subsequent to this decision, the individual defendant, Ronald Jarvis, filed a Motion to Dismiss, dated January 11, 1995. The defendant Jarvis claims that this court similarly lacks jurisdiction over him in the plaintiff's action which has sued him individually. On February 21, 1995, the plaintiff filed an objection to the motion. The defendant Jarvis filed a supplemental memorandum of law in support of the Motion to Dismiss, dated February 24, 1995. This court heard oral argument by all counsel on February 27, 1995.
II. Discussion
The defendant Jarvis argues that he should be treated similarly to the other individual defendants for whom the court has already granted a dismissal. The defendant Jarvis claims that even if he were an officer and director of the corporation (and he does not concede that he was), any damage which the plaintiff claims he suffered would be damages owed him through a derivative suit against the corporation. Further, the defendant argues that many of the claims which the plaintiff makes in each of his four counts against Jarvis and the other defendants, substantially predate Jarvis' involvement with PCT Corporation by several years.
During oral argument the court questioned plaintiff's counsel as to the differences, if any, between his argument against this Motion to Dismiss and the previous motion which the court had granted. He indicated that the only difference in his argument was one new case which he had not previously cited which he felt was applicable here. The plaintiff argued that this case, Yanowv. Teal Industries, Inc., 178 Conn. 262 (1979), allows him to sue the defendant Jarvis individually.
In Yanow, our Connecticut Supreme Court specifically confirms this court's prior decision in the first Motion to Dismiss regarding an individual shareholders ability to sue an officer or director of the corporation. Yanow holds that individual stockholders cannot sue the officers for damages. Id. at 281.
The Yanow case does carve out a narrow exception to this legal theory. An individual shareholder may sue an officer if the shareholder alleges an injury peculiar ar to himself which does not CT Page 1772-c apply to other shareholders. The plaintiff contends that this exception applies to the facts of his case. This court disagrees. Nowhere in plaintiff's amended complaint are there any allegations that he was a sole minority shareholder; that he was uniquely injured; that the defendant Jarvis was a majority shareholder; or that the defendant Jarvis committed acts which fit within this narrow exception.
III. Conclusion
Since the plaintiff conceded at oral argument that the sole difference between his argument now versus his argument on the first Motion to Dismiss was the Yanow case and since this court finds the Yanow case to be inapplicable to the allegations raised by the plaintiff in this case, the defendant Jarvis' Motion to Dismiss is hereby granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT
CT Page 1772-d